FILED _____ LODGED
RECEIVED _____ COPY

APR 17 2023

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY _____ DEPUTY

E. RICHARD SHUPE, PRO SE
P.O.BOX 85553
TUCSON, ARIZ. 85754
immm9088@gmail.com

# UNITED STATES DISTRICT COURT
## IN AND FOR THE STATE OF ARIZONA, COUNTY OF PIMA

E. RICHARD SHUPE          )    CASE No.      CV-23-00179-TUC-JCH(PSOT)
          Plaintiff          )
v.                        )
                    )
MARK FEIS                 )    **CIVIL COMPLAINT FOR:**
          Defendant          )
                    )    **42 U.S.C. 1983 DEPRIVATION OF RIGHTS**
                    )    **UNDER THE COLOR OF LAW;**
                    )    **UNLAWFUL IMPRISONMENT**
                    )    **GROSS NEGLIGENCE**
                    )    **ABUSE OF POWER**
                    )
                    )

## DEMAND FOR TRIAL BY JURY

Comes now the Plaintiff in the above entitled action, and herein submits his complaint for the above stated causes of actions.

## STATEMENT OF FACTS

This action arises from the defendant's violation of the plaintiffs fifth, and fourteenth amendment rights, under the U.S. Constitution.. Acting contrary to the Courts Order, the defendant kept the plaintiff on probation, months past his court sentence of twelve months.

## JURISDICTION

This Court has subject matter jurisdiction pursuant to 28 U.S.C. 1331; U.S. Const. Art III, Sec. 2 ; and supplemental jurisdiction pursuant to 28 U.S.C. 1367.

## PARTIES

The Plaintiff is a natural person whom resides in Pima County Ariz. Defendant Feis is a natural person whom resides in Pima County Ariz., and who is employed by the Pima County

1

Adult Probation Dept. as a Probation Officer.

## ABSOLUTE/ QUALIFIED IMMUNITY

A.**R.S. 12-820.02** reads: (A) " Unless a public employee acting with the scope of the public employee's employment intended to cause injury, <u>or was grossly negligent</u>, neither a public entity nor public employee is libel" **Acevedo v. Pima County Adult Probation Dept. ( Officer acted contrary to Courts Order);** The removal of a probationer from probation, is an administrative function, not a judicial function.

## COUNT I
## UNLAWFUL IMPRISONMENT

On June 11, 2019, the Consolidated Justice Court sentenced the Plaintiff to twelve months of supervised probation.  Defendant Feis, was assigned as the plaintiffs supervising probation officer.  In April of 2023 defendant was still holding the plaintiff on probation, even thou the plaintiff's probation period had ended six month prior.

Acting under the color of law, exercising power that the defendant, who was clothed by the authority of state law, violated the defendants fifth and fourteen amendment rights.  The defendant kept the Plaintiff on probation months past the twelve months of probation, ordered by the court.  The defendant did not act pursuant to court order, or modification of sentence, nor did the defendant so seek said modification of sentence.

## COUNT II
## GROSS NEGLIGENCE

The defendant owed a duty to the plaintiff to perform the necessary administrative task, to relief the plaintiff from probation, when he had completed the Court Ordered sentence of probation.

The defendant's extreme indifference was grossly reckless, with complete disregard for any physical, and emotional harms caused the plaintiff.

As a direct result of the reckless behavior by the defendant, the plaintiff suffered multiple harms, including extreme physical and emotional distress.  There is no excuse or

2

justification for the defendant's behavior.

## COUNT III
## ABUSE OF POWER

The Pima County Adult Probation Department is empowered with great latitude, control over the probationers under its control. The probation offices of the PCAPD are in turn, granted same powers over those probationers they supervise. The defendant being clothed in said powers, purposefully abused his power, by keeping the plaintiff on probation months past his twelve month sentence, and also used said powers to invade the privacy of the plaintiff.

## PRAYER FOR RELIEF

**COUNT I: UNLAWFUL IMPRISONMENT**

There is no excuse or justification for the defendants reckless disregard for the plaintiff's right to be removed from probation upon the expiration of his sentence. The plaintiff seeks compensatory damages in the amount of $200,000.00. The plaintiff seeks punitive damages in an amount equal to three times the compensatory damages awarded by the jury. **Richmond, 885 F.2d 1384m 1389 (9th Cir. 1991)** holding: "punitive damages are available under 1983. See **Pac. Mut. Life Ins. Co. v. Haslip, 499 U.S. 1, 17, (1991)**

**COUNT II: GROSS NEGLIGENCE**

It is a primary function of any probation officer employed by the PCAPD, to release a person from probation through court proceeding, upon the expiration of his or her sentence. There is no excuse for gross negligence of the defendant in keeping the plaintiff on probation months and months past his sentence.

The plaintiff seeks compensatory damages in the amount of $100,000.00 dollars. The plaintiff seeks punitive damages in an amount left to the jury's discretion.

3

## COUNT III: ABUSE OF POWER

Under this count, the plaintiff leaves to the discretion of the jury the damages to be awarded.

Plaintiff further seeks:

All cost related to the bringing of this complaint
Attorney fees if plaintiff hires an attorney
Accrued compounded interest at 10% from date of filing this complaint.
All other monies deem appropriate by the jury

Respectively submitted this        day of April, 2023.

E. Richard Shupe

4